# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# DELTA DIVISION

**JEROME MERAZ**  **PLAINTIFF**
**ADC #113295**

V.  NO. 2:25-cv-00095-BSM-ERE

**GREY**, *et al*.  **DEFENDANTS**

## ORDER

*Pro se* plaintiff Jerome Meraz, an Arkansas Division of Correction ("ADC") inmate, has filed a complaint under 42 U.S.C. § 1983. *Doc. 2*. This Order identifies multiple problems with Mr. Meraz's complaint. Rather than formally screen his complaint at this time, the Court will give him an opportunity to file an amended complaint correcting those problems.[1]

### I. Background

Mr. Meraz's complaint alleges that, on February 11, 2025, his finger was slammed in the H Pod door resulting in him having to have a finger amputated. He

---

[1] Screening is mandated by the Prison Litigation Reform Act, which requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). When making this determination, the Court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

sues Warden Grey, Lieutenant Christopher Patillo, and Sergeant Hicks in both their individual and official capacities seeking money damages.

## II. Problems with Complaint

### A. Personal Involvement

Mr. Meraz's complaint fails to allege facts to show how any Defendant personally participated in unconstitutional conduct or was directly responsible for a constitutional violation. "Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007). Accordingly, as stated, Mr. Meraz's complaint fails to state a plausible constitutional claim against any Defendant.[2]

In addition, allegations of negligent conduct will not support a claim for relief

---

[2] To the extent that Mr. Meraz seeks to hold any supervisor individually liable for the actions of their subordinates, such a claim would not survive screening. Under the law, any individual's supervisory role does not make him or her legally responsible for the unconstitutional conduct of the employees that he or she supervises. See *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (explaining that, because there is no vicarious liability in § 1983 actions, a prisoner "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"); *Saylor v. Nebraska*, 812 F3.3d 637, 644-45 (8th Cir. 2016) (because a supervisor cannot be held vicariously liable for the constitutional violations of a subordinate, prisoner must "show that the supervisor personally participated in or had direct responsibility for the alleged violations" or "that the supervisor actually knew of, and was deliberately indifferent to or tacitly authorized, the unconstitutional acts"); *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (holding that the "general responsibility for supervising the operations of a prison in insufficient to establish the personal involvement required to support [§ 1983] liability").

under § 1983. A § 1983 action must be based upon an allged violation of the United States Constitution or a federal statute. See *Johnson v. Leonard*, 929 F.3d 569, 575 (8th Cir. 2019) (explaining that deliberate indifference is more than negligence or gross negligence and requires culpability akin to criminal recklessness); *Crow v. Montgomery*, 403 F.3d 598, 602 (8th Cir. 2005) (explaining that intentional conduct, rather than negligence, is required to sustain a § 1983 claim).

### B.     Sovereign Immunity

A civil litigant cannot recover money damages from state actors sued in their official capacities. *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989). Accordingly, Mr. Meraz's claims for money damages from any Defendant in his or her official capacity are barred by sovereign immunity.

## III.   Guidelines for Filing Amended Complaint

Mr. Meraz has thirty days to file an amended complaint. If filed, the amended complaint should: (1) explain how each Defendant personally violated his constitutional rights; and (2) state what each individual Defendant failed to do which caused him to suffer injury.

Mr. Meraz's amended complaint, if filed, will supersede or replace the current complaint. See *In re Atlas Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000) (an amended complaint supersedes an original complaint and renders the original complaint without legal effect). So, Mr. Meraz should make sure that his amended

complaint includes all allegations relevant to the claim(s) he wants to pursue in this lawsuit. Also, Mr. Meraz should not rely upon, or incorporate by reference, any allegations made in the original complaint. In other words, Mr. Meraz's amended complaint, if filed, will stand alone.

Finally, in the amended complaint, Mr. Meraz need only include a "short and plain statement" showing that he is entitled to relief, with factual allegations that are "simple, concise, and direct." FED. R. CIV. P. 8(a)(1) & (d). At this early stage, there is no need to identify witnesses or to describe evidence that Mr. Meraz may rely on later to prove the claims raised in this lawsuit.

### III. Conclusion

IT IS THEREFORE ORDERED THAT:

1. Mr. Meraz may file an amended complaint within thirty (30) days of the entry of this Order.

2. If Mr. Meraz fails to file an amended complaint, the Court will screen his original complaint, which is likely to result in the dismissal of claims.

3. The Clerk is instructed to provide Mr. Meraz a blank 42 U.S.C. § 1983 complaint form, along with a copy of this Order.

SO ORDERED 22 May 2025.

_____
UNITED STATES MAGISTRATE JUDGE