IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**JEROME MERAZ**                                                                                                **PLAINTIFF**
**ADC #113295**

V.                                    NO. 2:25-cv-00095-BSM-ERE

**MICHELLE GRAY,** *et al*.                                                                          **DEFENDANTS**

### RECOMMENDED DISPOSITION

**I.      Procedure for Filing Objections**

This Recommendation has been sent to United States District Judge Brian S. Miller. You may file objections if you disagree with the findings and conclusions set out in the Recommendation. Objections should be specific, include the factual or legal basis for the objection, and must be filed within fourteen days. If you do not object, you risk waiving the right to appeal questions of fact, and Judge Miller can adopt this Recommendation without independently reviewing the record. By not objecting, parties may also waive the right to appeal questions of fact.

**II.     Discussion**

    **A.      Background**

*Pro se* plaintiff Jerome Meraz, an Arkansas Division of Correction ("ADC") inmate, filed this lawsuit under 42 U.S.C. § 1983. *Doc. 2*. Mr. Meraz's original complaint alleged that, on February 11, 2025, his finger was slammed in the H Pod door resulting in him having to have a finger amputated. He sued Warden Michelle

Gray, Lieutenant Christopher Pittillo, and Sergeant Kierra Hicks in both their individual and official capacities seeking money damages. Because Mr. Meraz's original complaint was deficient, I provided him an opportunity to file an amended complaint clarifying his constitutional claims. *Doc. 5*. Mr. Meraz then filed an amended complaint. *Doc. 6*. Based on the allegations contained in his amended complaint, I determined that Mr. Meraz arguably stated a deliberate indifference claim against each Defendant and ordered service of those claims. *Doc. 7*. Later, Mr. Meraz moved to amend his complaint to include a deliberate indifference claim against Corporal Rickea Price, which I granted. *Docs. 8, 9*.

Defendants now seek to dismiss Mr. Meraz's claims against them for failure to state a plausible constitutional claim for relief. *Doc. 12*. Mr. Meraz has responded to Defendants' motion (*Doc. 18*), which is now ripe for review. For the reasons explained below, I recommend that Defendants' motion be granted.

B.     **Standard**

To survive a motion to dismiss, a complaint must allege sufficient facts that, when accepted as true, state a facially plausible claim to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When determining whether a complaint states a facially plausible claim, a district court accepts the factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *Blankenship v. USA Truck, Inc.*, 601 F.3d 852, 853 (8th Cir. 2010). Factual allegations must "raise a right to relief above

the speculative level" and "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Mere "labels and conclusions" are insufficient, as is a "formulaic recitation of the elements of a cause of action." *Id.* at 555. Legal conclusions couched as factual allegations may be disregarded. See *Iqbal*, 556 U.S. at 679.

    C.    **Mr. Meraz's Complaint Allegations**

On February 11, 2025, Mr. Meraz slammed his finger in the H Pod door resulting in the amputation of his finger. *Doc. 2 at 4-5*. In his amended complaint, Mr. Meraz alleges that: (1) after Defendant Gray was promoted as Warden of the Delta Regional Unit in 2024, she conducted a "walk through" of the Unit and saw that the doors to barracks D and H contained "door closers," but did not remove them (*Doc. 6 at 4*); (2) Defendant Hicks was the officer supervising the East Wing at the time of the incident and she "did not make sure the officer was manning H or D Pod door," so no officer was present to hold the door open for the inmates (*Id.*); and (3) Defendant Pittillo "did not make sure the officer below him where [sic] doing what they were supposed to be doing" (*Id. at 5*).

In addition, in his supplement to his amended complaint, Mr. Meraz alleges that: (1) Defendant Price was not at her assigned area at the time of the incident and, had she been there, she could have held the door for Mr. Meraz preventing the accident (*Doc. 10 at 4*); (2) the door at issue had a "door closer" that was

3

malfunctioning at the time and that Defendant Price should have a filed a work order notifying ADC officials about the problem (*Id. at 5*); and (3) Defendants Pittillo, Hicks, and Gray also knew that the door closer was faulty, but they also failed to submit a work order regarding the problem (*Id.*).

### D.     Sovereign Immunity

A civil litigant cannot recover money damages from state actors sued in their official capacities. *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989). Accordingly, Mr. Meraz's claims for money damages from any Defendant in his or her official capacity are barred by sovereign immunity.

### E.     Qualified Immunity – Deliberate Indifference Claims

Defendants argue that they are entitled to qualified immunity because Mr. Meraz fails to state a plausible constitutional claim for relief against them.

Qualified immunity protects government officials from liability for damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person [in their positions] would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). "[D]efendants seeking dismissal under Rule 12(b)(6) based on an assertion of qualified immunity must show that they are entitled to qualified immunity on the face of the complaint." *Carter v. Huterson*, 831 F.3d 1104, 1107 (8th Cir. 2016) (internal quotation marks and citation omitted).

"[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "This subjective state of mind must be present before a plaintiff can be successful because only the unnecessary and wanton infliction of pain implicates the Eighth Amendment." *Blades v. Schuetzle*, 302 F.3d 801, 803 (8th Cir. 2002) (internal quotation marks omitted). "This requisite state of mind is akin to recklessness, which is 'more blameworthy than negligence,' yet less blameworthy than purposefully causing or knowingly bringing about a substantial risk of serious harm to the inmates." *Lenz v. Wade*, 490 F.3d 991, 995 (8th Cir.2007) (quoting *Farmer*, 511 U.S. at 835). An inmate must allege that Defendants acted with a "highly culpable state of mind approaching actual intent." *Kulkay v. Roy*, 847 F.3d 637, 643 (8th Cir. 2017) (quoting *Choate v. Lockhart*, 7 F.3d, 1370, 1374 (8th Cir. 1993)).

Here, while Mr. Meraz alleges that all Defendants were aware that the alleged door closer was faulty, he fails to explain: (1) how each Defendant knew that the alleged door closer was faulty; (2) whether any other inmate had been injured as a result of the faulty door closer; or (3) whether any Defendant was aware of any such

5

injury. Without any such facts, Mr. Meraz's allegations fall short of stating a plausible deliberate indifference claim.

In addition, in the grievance papers attached to Mr. Meraz's original complaint, ADC officials explained that "[s]taff were present in the assigned area" on the date in question and "[neither] security staff nor inmates are required to open and close the door for everyone." *Doc. 2 at 7*.

While unfortunate, at most, Mr. Meraz alleges facts that rise to the level of negligence, which is not actionable under 42 U.S.C. § 1983. A § 1983 action must be premised upon a violation of the United States Constitution or a federal statute. See *Johnson v. Leonard,* 929 F.3d 569, 575 (8th Cir. 2019) (explaining that deliberate indifference is more than negligence or gross negligence and requires culpability akin to criminal recklessness); *Crow v. Montgomery*, 403 F.3d 598, 602 (8th Cir. 2005) (explaining that intentional conduct, rather than negligence, is required to sustain a § 1983 claim). As a result, Mr. Meraz has failed to state a plausible constitutional claim for relief, and Defendants are entitled to qualified immunity.

**F.     Respondent Superior**

In addition, while Mr. Meraz alleges that Defendants Hicks and Pittillo failed to properly supervise their subordinates on the date in question, the law is clear that an individual defendant's supervisory role alone is insufficient to impose legal

responsibility on the supervisor for the unconstitutional conduct of any of his or her subordinate employees. See *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (explaining that, because there is no vicarious liability in § 1983 actions, a prisoner *"*must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"); *Saylor v. Nebraska*, 812 F3.3d 637, 644-45 (8th Cir. 2016) (because a supervisor cannot be held vicariously liable for the constitutional violations of a subordinate, prisoner must "show that the supervisor personally participated in or had direct responsibility for the alleged violations" or "that the supervisor actually knew of, and was deliberately indifferent to or tacitly authorized, the unconstitutional acts"); *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (holding that the "general responsibility for supervising the operations of a prison in insufficient to establish the personal involvement required to support [§ 1983] liability").

### III.   Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Defendants' motion to dismiss (*Doc. 12*) be GRANTED.

2. Mr. Meraz's claims be DISMISSED, without prejudice.

3. In the future, this dismissal be considered a "strike" for purposes of 28 U.S.C. § 1915(g).

4.     The Court certify that an in forma pauperis appeal of this dismissal would be frivolous and not taken in good faith.

5.     The Clerk be directed to close this case.

DATED 8 July 2025.

_____
UNITED STATES MAGISTRATE JUDGE